UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CYNTHIA J. GERARD,<br>ROBERT E. GERARD, and<br>TREASURER, ALLEN COUNTY,<br>INDIANA,<br><br>    Defendants. | Case No.: 1:14-CV-67-JVB-SLC |

**OPINION AND ORDER**

The United States claims Cynthia Gerard owes taxes in connection with her business. (Compl., DE 1, Count I.) The United States further claims federal liens securing most of these liabilities attach to the real property at which Cynthia resides. (*Id.*, Count II.) The United States asks the Court to enter judgment for the tax liabilities and to force the sale of the real property to satisfy the liens.

The United States moved for summary judgment. For the following reasons, the Court denies this motion.

**A.    Background facts**

Plaintiff and the Gerard Defendants essentially agree to the following facts, except as indicated.

Robert and Cynthia Gerard, husband and wife, bought residential real property ("Property") in 1990. They owned the Property as tenants by the entireties.

Cynthia owned and operated a limited liability company as its sole member from 2003 through 2008. Cynthia did not ask the IRS to treat the company as a corporation rather than a sole proprietorship, so the company was a "disregarded entity" under the applicable regulations, and was treated in the same manner as a sole proprietorship for federal tax purposes. (Compl., DE 1, ¶ 6; Answer, DE 4, ¶ 6.)

Cynthia and her company incurred employment and unemployment tax liabilities, some of which remain unpaid. (Compl., DE 1, ¶ 11.) Plaintiff and the Gerard Defendants disagree regarding the amount of unpaid taxes. (Defs.' Mem. Opp'n Mot. Summ. J., DE 33 at 5–7.) The parties agree Robert is not personally liable for these unpaid taxes.

Plaintiff claims the vast majority of the tax liabilities gave rise to liens, which attached to the Property. (Compl., DE 1, Count II.)

In July 2012, Robert and Cynthia conveyed the Property to Robert, individually. The Gerards claim they transferred the Property in this manner on the advice of former counsel, given Cynthia's debilitating brain aneurism and the need for Robert to manage her affairs and assets. (Defs.' Mem. Opp'n Mot. Summ. J., DE 33 at 4.)

Plaintiff claimed in its Motion for Summary Judgment that this transfer was fraudulent, but withdrew this claim due to the lack of its inclusion in the complaint. (Pl.'s Reply, DE 36 at 2.)

The parties dispute other factual issues related to the nature of the ownership interests in the property over time, related to the nature of any consideration exchanged for the transfer of the Property to Robert individually, related to the value of the Property, and related to the proper values of disbursements from any sale of the Property.

## B. Legal Standard

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate

3

the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986). When examining the evidence, a court must resolve ambiguities in favor of the non-moving party. *See Aviles v. Cornell Forge Co.*, 183 F.3d 598, 603 (7th Cir. 1999).

**C.     Discussion**

Multiple genuine issues of material fact preclude summary judgment in this case.

There are genuine issues of material fact regarding the amount owed by Defendant Cynthia Gerard to Plaintiff, regarding the characters and values of the various interests in the Property, regarding the level of prejudice Plaintiff would suffer without a forced sale of the entire Property, regarding the level of prejudice and hardship Defendant Robert Gerard would suffer in the event of a forced sale of the entire Property, and regarding other issues.

Construing the facts in the light most favorable to the non-moving Defendants, and resolving ambiguities in their favor, the Court cannot say Plaintiff is entitled to judgment as a matter of law.

**D.     Conclusion**

Accordingly, the Court DENIES Plaintiff's motion for summary judgment (DE 27).

**SO ORDERED** on September 8, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
