UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:14-CV-67-TLS |
| CYNTHIA J. GERARD, ROBERT E. GERARD, and TREASURER, ALLEN COUNTY INDIANA, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On March 5, 2014, the United States of America filed a Complaint [ECF No. 1] against Defendants Cynthia J. Gerard, Robert E. Gerard, and the Treasurer of Allen County Indiana seeking unpaid taxes and a judgment that the United States can enforce collection against the property of Robert Gerard, which was formally owned by Robert and Cynthia Gerard as tenants by the entirety. On November 23, 2015, the Plaintiff filed a Motion for Summary Judgment [ECF No. 27], which was denied on September 8, 2016 [ECF No. 37]. On August 10, 2017, this case was transferred to Chief Judge Theresa L. Springmann for all further proceedings [ECF No. 38]. The Plaintiff has now filed a Motion for Reconsideration [ECF No. 43] of the prior Summary Judgment Order under Rule 54(b). At this time, the Court will not consider the merits of the Plaintiff's substantive arguments. Instead, the Court will consider only whether reconsideration is appropriate.

The Plaintiff argues that the Opinion and Order denying its Summary Judgment Motion is too vague for the parties to adequately determine what factual issues remain in dispute. The Plaintiff moves for reconsideration as to some, but not all, of the issues on which it initially

moved for summary judgment. The Plaintiff argues that this Court should reconsider the Plaintiff's Motion because it believes that certain disputes can be resolved at present, narrowing the issues for trial and conserving judicial resources. First, the Plaintiff argues that there can be no genuine dispute as to the amount of taxes owed by Defendant Cynthia J. Gerard because the only defect raised in the Defendants' Response Brief [ECF No. 33] was cured by the Plaintiff's Reply [ECF No. 35], and the Plaintiff is concerned that the previous judge failed to fully consider that cure in coming to his conclusion. The Plaintiff also argues that there can be no dispute that Defendant Roger Gerard cannot qualify as a "Purchaser" under the relevant statute, as a matter of black letter law. The Plaintiff argues specifically that there is no factual issue related to his "Purchaser" status to present to the jury because any factual issues are rendered moot by the preceding question of law. Finally, the Plaintiff argues that the dispute regarding the value of Defendant Cynthia's interest in the property turns on a question of the rights and interests of tenants by the entirety to the subject property, which is a question of law that the Court should resolve prior to any presentation to the jury.

The Defendants respond to the Plaintiff's arguments on purely procedural grounds, i.e., that the Plaintiff has not met its burden to show that a motion for reconsideration is proper. They do not address the substance of the Plaintiff's arguments.

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

> entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order [under Rule 54(b)]." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)).

The Court finds that reconsideration of the Summary Judgment Order would be in the interests of justice. As the Court has had no prior involvement with this case, it is not privy to the previous judge's reasoning for denying the Plaintiff's Motion, and the brevity of the September 8, 2016, Order leaves the Court with no ability to discern such reasoning. The Court agrees that there is a potential for simplifying issues at trial by narrowing their scope and believes that reconsideration of the issues will allow the parties to address the issues that remain in genuine dispute.

The Court is cognizant of the "law of the case" doctrine, which advises that when a case has been transferred to a second judge, the second judge should "abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect." *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997). "[W]hile a district judge should carefully consider the propriety of re-examining a prior ruling of another district judge in the same case, when good reasons appear for doing so . . . the 'law of the case' doctrine must yield to rational decision-making." *Peterson v. Lindner*, 765

F.2d 698, 704 (7th Cir. 1985). The Court does not believe that granting the Plaintiff's Motion for Reconsideration runs afoul of this doctrine. It is unclear to the Court exactly what conclusions the previous judge drew regarding certain disputed issues and, thus, what exactly the "law of the case" is. Accordingly, for potential conservation of resources, the Court finds it in the interests of justice to grant the Plaintiff's Motion for Reconsideration.

The Court notes that at this juncture, the Defendants have not substantively responded to the Plaintiff's concerns about the prior ruling and instead opposed the Plaintiff's Motion on procedural grounds. By separate order, the Court will set a telephonic conference to confirm outstanding disputes and set an appropriate briefing schedule.

Therefore, the Court GRANTS the Plaintiff's Motion to Reconsider [ECF No. 43].

SO ORDERED on October 23, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT