# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:14-CV-67-TLS |
| ) | |
| CYNTHIA J. GERARD, ROBERT E. ) | |
| GERARD, and TREASURER, ALLEN ) | |
| COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On March 5, 2014, the United States of America filed a Complaint [ECF No. 1] against Defendants Cynthia J. Gerard, Robert E. Gerard, and the Treasurer of Allen County, Indiana seeking unpaid taxes and a judgment that the United States can enforce collection against the property of Robert Gerard, which was formally owned by Robert and Cynthia Gerard as tenants by the entirety. On November 23, 2015, the Plaintiff filed a Motion for Summary Judgment [ECF No. 27], which was denied on September 8, 2016 [ECF No. 37]. On August 10, 2017, this case was transferred to Chief Judge Theresa L. Springmann for all further proceedings [ECF No. 38]. The Plaintiff filed a Motion for Partial Reconsideration [ECF No. 43] of the prior Summary Judgment Order under Rule 54(b), which the Court granted [ECF No. 49] on October 23, 2017; however, the Court declined to consider the merits of the Plaintiff's substantive arguments at that time because the Defendants had briefed only the procedural propriety of the Motion rather than responding substantively. On November 29, 2017, the Court held a telephonic scheduling conference and set a briefing schedule for the merits of the Plaintiff's Motion. This matter is now fully briefed and ripe for review.

# BACKGROUND

A.  **Factual Background**

In 1990, Robert and Cynthia Gerard bought residential real property ("the Property") as husband and wife, which they owned as tenants by the entirety, and for which Robert paid at least ninety percent of the purchase price. From 2003 through 2008, Cynthia owned and operated a limited liability company as its sole member. Under the applicable regulations, the company was treated as a sole proprietorship for federal tax purposes. Over the years, Cynthia and her company incurred employment and unemployment tax liabilities, some of which remain unpaid. The Plaintiff and the Gerards dispute the amount of unpaid taxes but agree that unpaid taxes exist. The parties do not seem to dispute that all but two of the assessments associated with these claims liabilities attached to Cynthia's interest in the Property prior to its conveyance to Robert.

In July 2012, Robert and Cynthia, as tenants by the entirety, conveyed the Property to Robert, individually. The Gerards maintain that, at that time, Cynthia's interest in the property was far less than Robert's interest due to her lesser contribution to the purchase of the property and her consumption of joint assets for the sole benefit of her company. The deed to the Property specified that the transfer from Cynthia to Robert was "by way of gift and without any consideration other than for love and affection." The Gerards claim that they transferred the Property in this manner on the advice of former counsel due to Cynthia's debilitating brain aneurism and the need for Robert to manage her affairs and assets. They also claim that Cynthia transferred her remaining interest in the Property to Robert for both (1) consideration previously transferred from Robert's assets to Cynthia, which Cynthia used to support her business, and (2) the release by Robert of his claim against Cynthia related to the previous transfers. (*See* Def. Opp. Br. 4, ECF No. 56.)

## B. Summary Judgment Order

In its Motion for Summary Judgment [ECF No. 27], the Plaintiff addressed three issues. First, the Plaintiff asked for a determination regarding the amount of taxes owed. Second, the Plaintiff requested a ruling that the tax liens that arose upon assessment of the unpaid tax liabilities attached to Cynthia's interest in the Property and remain attached to a one-half interest in the Property despite its conveyance to Robert. Finally, the Plaintiff asked that the tax liens be enforced against the Property via a sale of the entire Property pursuant to 26 U.S.C. § 7403.

The Gerards responded that the Plaintiff had not submitted sufficient documentation to support its assertions regarding the amount of taxes owed and that the documents that the Plaintiff did submit were contradictory to the Plaintiff's claims. Therefore, the Gerards argued, there remains a genuine issue of material fact regarding the amount allegedly due. The Gerards also argued that because Robert qualifies as a "purchaser" under 26 U.S.C. § 6323(a), any lien that attached to Cynthia's interest in the Property prior to its conveyance to Robert is no longer valid. But, even if the Court were to find the liens valid as against the Property, the Gerards argued that the Court should exercise its equitable discretion and decline to enforce those liens against the Property.

In reply, the Plaintiff explained the apparent discrepancies in the amounts claimed in its brief with the amounts listed in the supporting documentation, specifically referencing credits applied to the balances and interest accruals. The Plaintiff also argued that, as a matter of law, Robert was not a "purchaser" under § 6323(a) because there was no consideration for the transfer of Cynthia's interest. Finally, the Plaintiff argued that the balance of the equities weighed in favor of enforcing the liens via a sale of the Property rather than against it.

After the denial of the Plaintiff's Motion and the subsequent transfer of the case to this Court, the Plaintiff moved for partial reconsideration as to the amount of taxes owed and whether the tax liens survived the conveyance of the Property to Robert. The Plaintiff did not ask for reconsideration of the issue regarding the equitability of a forced sale of the Property, conceding that there remain factual disputes that are reserved for the trier of fact. The Court now reconsiders these issues.[1]

**STANDARD OF REVIEW**

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute that precludes summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

---

[1] The Court explained its reasoning for determining that reconsideration was procedurally appropriate in its October 23, 2017, Order and Opinion [ECF No. 49].

## ANALYSIS

### A.  Delinquent Tax Amounts

There appears to be no dispute that Cynthia is personally liable for some amount of unpaid taxes, that the assessments were properly made, and that the taxes remain unpaid after the IRS properly sent a notice and demand for payment to Cynthia. Rather, the dispute on this issue centers on whether the Plaintiff has sufficiently proven the amount of taxes that remain unpaid and due.

In its Motion for Partial Reconsideration, the Plaintiff included a table that detailed the assessments and amounts due for each tax period for which Cynthia's taxes are delinquent. (*See* Pl. Mem. in Support of Mot. for Part. Recon. 5–8, ECF No. 44.) Each row of the table includes the end-date of the relevant tax period; the date that a Form 941 was filed; assessment dates and types, including credits; assessed and accrued amounts; and a balance due as of September 20, 2017. The numbers reflected in the table are derived from IRS computer records and are certified as true by Revenue Officer Matthew B. Spickelmier, who submitted an affidavit in support of the Plaintiff's argument. (*See* ECF No. 43-1.) Mr. Spickelmier attached relevant computer records to his affidavit. Forms 4340, which were submitted with the Plaintiff's original Motion for Summary Judgment (*see* ECF No. 27-4), also evidence entries into the IRS's computer system as of November 6, 2013.

The Gerards argue that the Plaintiff cannot not meet its burden to show that there is no genuine issue of material fact as to this issue because the materials cited in support of the claimed amounts conflict with those claimed in the Plaintiff's brief. For example, the Gerards point out that balance listed on the account transcript attached to the Spickelmier affidavit for the tax period ending on July 30, 2003, is $2,211.41 whereas the Plaintiff's brief states that the

5

balance due for that period is $2,208.51. Thus, the Gerards argue that "neither this Court nor the Defendants are able to calculate the alleged past-due balance, and thus, genuine issues of material fact remain." (*See* Def. Resp. Br. 6, ECF No. 56.)

The Court disagrees with the Defendants. Certificates of Assessments and Payments, such as those supporting the Plaintiff's claim (*see* ECF No. 27-4), "establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made." *Hefti v. I.R.S.*, 8 F.3d 1169, 1172 (7th Cir. 1993). The Gerards have not argued that the Certificates[2] that the Plaintiff has produced are invalid. Mr. Spickelmier explained that he used the Certificates along with more recent Account Transcripts to account for the continuing accrual of interest and penalties and to make a determination as to the amount owed as of September 20, 2017. He also attached results from a "Payoff Calculator" that he used to verify the amounts owed, which reflects the same balances claimed in the Plaintiff's brief.

The Gerards point to the account balance listed on the Account Transcripts for their contention that the balances conflict with those claimed by the Plaintiff. However, the Account Transcripts state "this is not a payoff amount," meaning that the balance reflected in those records at the time they were prepared did not necessarily reflect the most recent statutory accruals. As a result, Mr. Spickelmier could not rely solely on the balances listed on the Account Transcripts and was required to calculate the exact balances due using multiple sources of information. This is evidenced by the fact that the Account Transcripts, although retrieved on September 20, 2017, show interest accruals through October 2, 2017. Thus, as would be

---

[2] The Certificates were prepared on November 6, 2013, but the Spickelmier affidavit was not executed until September 22, 2017.

expected, the balances shown on the Account Transcripts are marginally higher than the balances claimed by the Plaintiff due to an extra two weeks' worth of accruals.

"At summary judgment . . . saying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." *United States v. 5443 Suffield Terrace, Skokie, Ill*., 607 F.3d 504, 510 (7th Cir. 2010). The nonmoving party cannot rest on bare pleadings alone but instead must use the evidentiary tools listed in Rule 56 to designate specific material facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Insolia v. Philip Morris Inc*., 216 F.3d 596, 598 (7th Cir. 2000). In this case, the Gerards have failed to point to any evidence that contradicts the Plaintiff's assertion regarding the amounts owed. Nor does the Court find that a reasonable trier of fact could conclude that the Plaintiff has failed to prove the amounts due. Therefore, the Court will grant the Plaintiff's Motion for Partial Reconsideration as to this issue. The Gerards owe outstanding employment tax liabilities in the amount of $60,969.04, plus statutory accruals from September 20, 2017, and outstanding unemployment tax liabilities in the amount of $293.73, plus statutory accruals from September 20, 2017.

**B.    Lien Survival**

The next question is whether, having determined the amount of Cynthia Gerard's outstanding tax liabilities, the resultant liens that attached to her interest in the Property survived the severance of the Gerards' tenancy by the entirety when Cynthia conveyed her interest in the Property to Robert. The parties do not appear to dispute that all but the last two assessments[3]

---

[3] The assessments imposed against Cynthia Gerard's undivided one-half interest in the Property associated with employment tax liability were for the quarterly periods ending 9/30/2003, 12/31/2003, 3/31/2006, 6/30/2006, 9/30/2006, 12/31,2006, 3/31/2007, 3/31,2008, 9/30/2008, totaling $58,132.47 as of September 20, 2017. Robert Gerard signed the employment tax return for the fourth quarter of 2008 and

associated with these claimed liabilities attached to Cynthia's interest in the property prior to its conveyance to Robert.

## 1. *Whether Robert Gerard is a "Purchaser"*

The parties first dispute whether Robert Gerard is a "purchaser" within the meaning of the law, which would insulate him from liability for Cynthia Gerard's outstanding tax balances. A "purchaser" is defined as:

> [a] person who, for adequate and full consideration in money or monies worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against a subsequent purchaser without actual notice.

26 U.S.C. § 6323(h)(6). "Adequate and full consideration in money or money's worth" is defined as "a consideration in money or money's worth having a reasonable relationship to the true value of the interest in property acquired." Treas. Reg. § 301.6323(h)-1(f)(3). "Adequate and full consideration in money or money's worth may include the consideration in a bona fide bargain purchase." *Id.* "Money or money's worth" includes:

> tangible or intangible property, services and other consideration reducible to a money value. Money or money's worth also includes any consideration which otherwise would constitute money or money's worth . . . which was parted with before the security interest would otherwise exist if, under local law, past consideration is sufficient to support an agreement giving rise to a security interest and provided that the grant of the security interest is not a fraudulent transfer under local law or 28 U.S.C. § 3304(a)(2). A firm commitment to part with money, a security, tangible or intangible property, services, or other consideration reducible to a money value does not, in itself, constitute a consideration in money or money's worth. A relinquishing or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights is not a consideration in money or money's worth. Nor is love and affection, promise of marriage, or any other consideration not reducible to a money value a consideration in money or money's worth.

---

the annual unemployment tax return for 2008, and therefore, the assessments for these liabilities were not assessed against Cynthia Gerard's interest in the Property.

*Id.* at § 301.6323(h)-1(a)(3).

The Gerards argue that Robert is a purchaser because Cynthia used their joint marital assets to pay her individually-owned business's expenses and transferred her interest in the Property in repayment of those debts. In their Response to the Plaintiff's Motion for Partial Reconsideration, the Gerards also assert that consideration was given by way of a release by Robert of his claim against Cynthia for the repayment of the transferred assets. (*See* Def. Resp. Br. 9, ECF No. 56.) The Plaintiff argues that the deed transferring title to Robert specified that the transfer was made "by way of gift and without any consideration other than for love and affection" and that the Gerards may not now disavow that deed and claim that consideration was tendered for the conveyance. The Plaintiff also argues that any consideration for the transfer would have been past consideration, which is insufficient.

"The determination of whether consideration was 'full and adequate,' and if an individual is a 'purchaser' are matters of federal, not state, law." *United States v. Sweeny*, 418 F. Supp. 2d 492, 497 (S.D.N.Y. 2006) (citation omitted); *see also United States v. McCombs*, 30 F.3d 310, 330 (2d Cir. 1994)). "The question of adequacy of consideration typically turns on factual issues," and "[t]he burden of proof as to adequate consideration rests on the party seeking purchaser status." *United States v. Bartle*, No. IP01-0768-C, 2002 WL 75437, at *3 (S.D. Ind. Jan. 16, 2002) (citations omitted).

"It is a well-known fact that often a conveyance recites a nominal consideration whereas the true consideration is not nominal. It is therefore never certain that the recited consideration is the true consideration." *Clark v. CSX Transp., Inc.*, 737 N.E.2d 752, 759 (Ind. Ct. App. 2000) (internal quotation omitted). Parol evidence is "always competent to prove . . . the true consideration of a deed." *Guckenberger v. Shank*, 37 N.E.2d 708, 712 (Ind. Ct. App. 1941) (en

9

banc) (citations omitted); *see also Kenney v Phillipy*, No. 10,664, 1883 WL 5716, at *1 (Ind. Sept. 19, 1883) ("Few rules are better settled than that which declares that the question of consideration is not closed by the recitals of the deed, and that the true consideration may always be shown by parol evidence."); *Swope v. Forney*, 17 Ind. 385, 389 (Ind. 1861) ([T]he writing is not conclusive upon the subject. The truth may be inquired into."); *Nichols, Shepherd & Co. v. Burch*, 27 N.E. 737, 739 (Ind. 1891) (noting that "either party might show the true consideration for any purpose . . . although it might be entirely different from that expressed in the deed").

The deed conveying the property from the Gerards, as tenants by the entirety, to Robert, individually, states that it is "by way of gift and without any consideration other than for love and affection . . . ." (R. Gerard Aff. Ex. 3, ECF No. 56-4.) However, the Gerards are not bound by this recital and may introduce evidence that the true consideration was for money or money's worth. The Gerards have asserted that consideration was given in the form of the usage of joint assets exceeding the value of Cynthia's interest in the property for her business. There appears to be no dispute that such consideration is "past consideration." The Court notes that in the Gerards' second Response [ECF No. 56] to the Plaintiff's Motion for Partial Reconsideration, the Gerards also argue that the property was conveyed contemporaneously with Robert's release of any claim against Cynthia. Not only is this the first time of record that the Gerards have made this argument, but the Court also finds no support in the record for such an assertion. Because the Gerards have not come forward with any evidence to support this argument, the Court must reject it.

The Treasury Regulations indicate that "adequate and full consideration" as contemplated by § 6323(h) includes past consideration if "under local law, past consideration is sufficient to support an agreement giving rise to a security interest . . . ." Treas. Reg. § 301.6323(h)-1(a)(3);

10

(f)(3). Thus, the Court must look to Indiana law to determine whether past consideration can give rise to a security interest. Under Indiana law, past consideration is insufficient to render a contract enforceable. *See Jackson v. Luellen Farms, Inc.*, 877 N.E.2d 848, 858 (Ind. 2007); *Field v. Alexander & Alexander of Ind., Inc.*, 503 N.E.2d 627, 631 (Ind. 1987). The Gerards have not cited any Indiana authority that would suggest that Indiana courts would treat security interests any differently that contract enforceability and find past consideration sufficient to give rise to a security interest. Moreover, other federal courts have held that past consideration is insufficient to render a party a "purchaser" under § 6323(a). *See, e.g.*, *United States v. Register*, 727 F. Supp. 2d 517, 526 (E.D. Va. 2010); *United States v. Sweeny*, 418 F. Supp. 2d 492, 497–98 (S.D.N.Y. 2006); *Cipriano v. Tocco*, 757 F. Supp. 1484, 1493 (E.D. Mich. 1991). Thus, the Gerards have not met their burden to show that Robert Gerard is a purchaser within the meaning of § 6323(a) and the Court need not determine whether the value of the alleged consideration would have been adequate to support the conveyance.

### 2. *Cynthia Gerard's Interest in the Property*

Because Robert Gerard is not a purchaser within the meaning of § 6323(a), the tax liens imposed on Cynthia Gerard's interest in the Property survived the conveyance. The parties dispute the extent to which the liens are now attached to the Property.

The Gerards initially held title to the Property as tenants by the entirety. Under Indiana law, a tenancy by the entirety can be terminated "by a conveyance of one spouse's interest to the other spouse." *In re Agnew*, 818 F.2d 1284, 1288 (7th Cir. 1987); *see also Fuston v. Nat'l Mut. Ins. Co.*, 440 N.E.2d 751, 753 (Ind. 1982). Thus, when Cynthia conveyed her interest in the property to Robert, she terminated the Gerards' tenancy by the entirety. The Plaintiff contends

that the liens remain attached to a one-half interest in the Property. The Gerards contend that Cynthia's actual interest in the property was something less than one-half at the time of the conveyance, and, therefore, the liens attached only to some lesser interest.

However, Indiana case law does not appear to support the Gerards' position. For example, in *Radabaugh v. Radabaugh*, the court found that the trial court had erred by "conclud[ing] that appellee was the owner of less than an undivided one-half interest in the mortgage loan" pertaining to real estate owned by husband and wife as a tenancy by the entirety. 35 N.E.2d 114, 115–16 (Ind. Ct. App. 1941). Despite the fact that the wife contributed a significantly smaller sum to the acquisition of the note, the court found no evidence of an intent that the wife's interest in the note be commensurate with her contribution. *Id.* at 115. Rather, the court noted that "[w]hen a note and mortgage is made payable to a husband and wife, it is the general rule that they own each an undivided one-half interest, even though the consideration for the note and mortgage is the separate property of the husband." *Id.* Thus, the court finding no "intent, understanding or agreement to the contrary" held that "the husband and wife became each the owner of an undivided one-half interest in the note and mortgage." *Id*. So too here. Even if Robert provided over ninety percent of the consideration for the purchase of the Property, under Indiana law, the general rule is that Cynthia and Robert each owned an undivided one-half interest in the Property, and there is no indication in the record that, at the time of purchase, the Gerards intended that Cynthia's interest in the Property be commensurate with the consideration she contributed. Thus, at the time the tax liens attached, Cynthia owned an undivided one-half interest in the Property. *See also Nill v. Nill*, 584 N.E.2d 602, 607 (Ind. Ct. App. 1992) (noting that upon severance of a tenancy by the entirety, each party had an undivided one-half interest as tenants in common); *Ralston v. Ralston*, 41 N.E.2d 817, 818 (Ind. Ct. App. 1942) (finding that

where wife had purchased property and placed in her and her husband's names jointly as tenants by the entirety, upon the dissolution of the marriage, each party had an undivided one-half interest in the property).

Moreover, the Gerards have produced no authority that the Court finds persuasive in support of their position that Cynthia, as a tenant by the entirety, owned less than an undivided one-half interest in the Property based on her relatively small contribution to the purchase of the Property. In the absence of binding authority, and in light of the pertinent Indiana authority, the Court agrees with the reasoning of courts coming to the opposite conclusion—that two tenants by the entirety are entitled to one-half of the value of the property without regard to the consideration contributed by each tenant and without reference to actuarial tables. *See, e.g.*, *United States v. Tyler*, 528 F. App'x 193, 199 (3d Cir. 2013) (noting that "if the property has been conveyed to a third party, the federal tax lien will be deemed to encumber a one-half interest in the hands of the transferee" when the property was owned by tenants by the entirety); *United States v. Williams*, No. 4:11-cv-84, 2012 WL 4505881, at *12 (S.D. Ind. Sept. 28, 2012) (finding that non-liable spouse would be "fully compensated if there [was] a sale of the property" because as a tenant by the entirety, "she would be awarded half of the sale proceeds"). *United States v. Barczyk*, 434 F. App'x 488, 493 (6th Cir. 2011) (finding that despite non-liable spouse's argument that she had a greater interest than her husband based on actuarial tables, tenants by the entirety "have equal interest in their home" and "the non-defaulting spouse is entitled to fifty percent of the proceeds of the foreclosure sale of the home" (internal quotations omitted)); *United States v. Becker*, No. 4:03 CV 1602, 2005 WL 6120994, at *15 (E.D. Mo. Sept. 25, 2005) (finding that if property was held as tenants by the entirety, at the time the lien attached, the liable spouse's interest in the property was one-half of the value). Therefore, the Court finds that

the tax liens assessed against Cynthia remain attached to one-half of Robert's interest in the Property. Because all but the last two assessments attached to Cynthia's one-half interest, as of September 20, 2017, $58,132.47 remains attached to a one-half interest in the property.

## CONCLUSION

The remaining issue in this case is whether to enforce the assessed liens against the Property by a forced sale. The Plaintiff admits that this analysis involves fact-finding, which is inappropriate on summary judgment, and, therefore, the Court will not consider it.

Accordingly, pursuant to the Court's Order [ECF No.49] granting the Plaintiff's Motion for Reconsideration, the Court enters PARTIAL JUDGMENT in favor of the Plaintiff, the United States of America, and against Defendants Cynthia J. Gerard and Robert E. Gerard. The Court finds:

1) The Gerards are liable to the United States for unpaid employment and unemployment taxes in the amount of $61,262.77 in United States currency as of September 20, 2017, plus any statutory additions, including interest, that continue to accrue as provided by law from and after that date;

2) The assessment liens associated with Cynthia J. Gerard and the tax liabilities of her solely owned company (the Communication and Learning Clinic, LLC) for the quarterly periods ending 9/30/2003, 12/21/2003, 3/31/2006, 6/30/2006, 9/30/2006, 12/31/2006, 3/31/2007, 3/31/2008, and 9/30/2008, attached to her interest in the Property located at 9814 Woodstream Drive, Fort Wayne, Indiana 46804, before it was conveyed by Robert E. and Cynthia J. Gerard to Robert E. Gerard;

3) Robert E. Gerard is not a purchaser of the Property within the meaning of 26 U.S.C. § 6323(a); and

4) As of September 20, 2017, $58,132.47 in United States currency, plus any statutory additions, including interest, that continues to accrue as provided by law from and after that date remains attached to an undivided one-half interest in the Property located at 9814 Woodstream Drive, Fort Wayne, Indiana 46802.

SO ORDERED on April 5, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT