UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:14-CV-67-TLS |
| | ) |
| CYNTHIA J. GERARD, ROBERT E. GERARD, and TREASURER, ALLEN COUNTY, INDIANA, | ) ) ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On March 5, 2014, the United States of America filed a Complaint [ECF No. 1] against Defendants Cynthia J. Gerard, Robert E. Gerard, and the Treasurer of Allen County, Indiana seeking unpaid taxes and a judgment that the United States can enforce collection against the property of Robert Gerard, which was formally owned by Robert and Cynthia Gerard as tenants by the entirety. On November 23, 2015, the Plaintiff filed a Motion for Summary Judgment [ECF No. 27], which was denied on September 8, 2016 [ECF No. 37]. On August 10, 2017, this case was transferred to Chief Judge Theresa L. Springmann for all further proceedings [ECF No. 38]. The Plaintiff filed a Motion for Partial Reconsideration [ECF No. 43] of the prior Summary Judgment Order under Rule 54(b), which the Court granted [ECF No. 49] on October 23, 2017; however, the Court declined to consider the merits of the Plaintiff's substantive arguments at that time because the Defendants had briefed only the procedural propriety of the Motion rather than responding substantively. On April 9, 2018, the Court entered partial judgment in favor of the Plaintiff [ECF No. 66]. The Plaintiff filed a Motion to Correct [ECF No. 69], asking the Court to

amend its Order in two places that imply that Cynthia and Robert are subject to joint liability when it is only Cynthia that is liable for the unpaid taxes. The Defendants have not responded.

Under Federal Rule of Civil Procedure 60(a), a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a) permits only those corrections that "implement the result intended by the court at the time the [judgment] was entered." *Wesco Prods. Corp. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989). The principal function of Rule 60(a) is to "protect[] the court's (or the parties') actual meaning from mistakes in implementation." *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986).

The Court finds that the cited language on pages seven and fourteen of the Court's Order that suggests joint liability between the Gerards was an oversight. The Court's Order makes clear that it found Cynthia liable for unpaid taxes, and nowhere in its Order did the Court discuss joint liability. Correction of the two references to the liability of "the Gerards" for unpaid taxes to refer only to the liability of Cynthia will implement the result intended by the Court.

Accordingly, the Plaintiff's Motion to Correct [ECF No. 69] is GRANTED. The Court DIRECTS the Clerk of Court to amend its Entry of Judgment [ECF No. 67] entered on April 9, 2018, in accordance with this Opinion and Order.

SO ORDERED on April 17, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT